IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF KANSAS


**TIMOTHY DOYLE YOUNG,**

                **Plaintiff,**

      **v.**                                    **CASE NO. 19-3241-SAC**

**J.E. KRUEGER, et al.,**

                **Defendants.**


## **MEMORANDUM AND ORDER**

Plaintiff Timothy Doyle Young is a federal prisoner held at the U.S.P.-Max-ADX in Florence, Colorado. He brings this *Bivens*[1]-type civil rights action against the Department of Justice, the United States of America, five named defendants, the unnamed administrative remedy clerk, and the unnamed acting administrative coordinator.

### **Nature of the Complaint**

Plaintiff alleges that defendants are placing his life in danger by falsifying records and withholding prescriptions. He broadly asserts that the defendants "have engaged in criminal acts for years to conceal the misconduct, deliberate indifference, and cover-ups." Doc. 1, p. 2. He also claims that the Department of Justice and the United States are placing his life in danger by refusing to allow criminal complaints to be filed against corrupt employees and by withholding or nullifying every method to petition the government for redress of grievances. *Id.*, pp. 4-5. He seeks unspecified relief.

### **Discussion**

Plaintiff is subject to the "three-strikes" provision of 28

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

U.S.C. § 1915(g)[2]. *See In re Timothy Doyle Young*, 382 Fed.Appx. 148, 2010 WL 2178514 (3d Cir. June 1, 2010) and *Young v. United States*, 2014 WL 2515586 (S.D. Ohio June 4, 2014)(listing qualifying strikes). Accordingly, he may proceed in forma pauperis only if he shows that he is in imminent danger of serious physical injury.

The Court has examined the complaint and exhibits and finds that plaintiff has not made the necessary showing. His complaint references exhibits, but none have been submitted, and he makes only bare claims that the Health Services and Psychology Departments are withholding his medications.[3] After a review of the record the Court finds that plaintiff has not identified specific conduct by any defendant that subjects him to an imminent threat of serious harm, as he must to overcome the bar imposed by 28 U.S.C. § 1915(g).

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is denied leave to proceed in forma pauperis. Plaintiff is granted to and including **December 27, 2019,** to submit the $400.00 filing fee to the clerk of the court.

**IT IS SO ORDERED.**

DATED: This 26th day of November, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2] 28 U.S.C. § 1915(g) provides: In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
[3] The complaint states that a response prepared by defendants Treadway and Winter states that his prescriptions have been refilled on time each month. Plaintiff disputes this claim.